Henry Shafer

6950 Village HWY

Lynchburg, VA 24504

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 0 7 2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# United States District Court

for the

Western District of Virginia

Case No.: 6:20CV00044

| | |
|---|---|
| HENRY SHAFER , | Case No: CR18001029-00 through |
| | CR18001029-02 |
| Plaintiff , | |
| | COMPLAINT |
| vs. | |
| COMMONWEALTH OF VIRGINIA , | |
| Police Department | City of Lynchburg, Virginia | |
| Officer M.G. Robinion | |
| Officer Adam J. Johnson | |
| Defendants . | |

## COMPLAINT

The plaintiff Henry Shafer brings forth the following causes of action and alleges the following:
seeking judgment against Defendants City of Lynchburg ("the City"), Officer M.G. Robinson ("Sgt.
Robinson") and Corporal A.J. Johnson ("Cpl. Johnson") Collectively the "Defendants," respectfully
states as follows:

## JURISDICTION & VENUE

1.      This Court has federal question over Plaintiff's 42 U.S.C § 1983 claims pursuant to 28 U.S.C

§ § 1331 and 1343(a)(3), (4).

2.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C

§ 1367

1

3.      Venue is proper pursuant to 28 U.S.C § 1391(b)(1) because Plaintiff is a resident of the state in which the district is located of the acts and omissions to Plaintiff's claims occurred in the Western District of Virginia.

## PARTIES

4.      Plaintiff is, and has at all relevant times been, a resident of Lynchburg, Virginia.

5.      The City ia a **sui juris** municipality and a "person" under Section 1983 who is charged with supervising, training, employing, and terminating members of the Lynchburg Police Department ("LPD") and is granted such authority by virtue Chapter V, of the Charter of Lynchburg, Virginia.

6.      Defendant Cpl. Johnson is, and has at all retevant times been, a corporal or police officer employed by the City. Cpl. Johnson's job duties include investigation of crimes, apprehension of suspects in accordance with the Fourth Amendment's prohibition on unreasonable seizures, and the enforcement of traffic laws. At all times alleged herein, Cpl. Johnson acted color of state law. Cpl. Johnson is sued for his Individual capacity.

7.      Defendant Sgt Robinson is, and has at all retevant times been, a sergeant or police officer employed by the City. Sgt. Robinson's job duties include investigation of crimes, apprehension of suspects in accordance with the Fourth Amendment's prohibition on unreasonable seizures, and the enforcement of traffic laws. At all times alleged herein, Sgt. Robinson acted under color of state law. Sgt. Robinson is sued for his Individual capacity.

## FACTUAL ALLEGATIONS

8.      On the evening of August 14, 2018, Plaintiff and his brother, Robert Shafer, were patrons at the Stoney Badger Tavern of 3009 Old Forest Road, Lynchburg. Plaintiff was a patron of the Stoney Badger Tavern and had been for four years. Every Tuesday night Plaintiff came to the Stoney Badger Tavern to perform in the opem mic.

9.      On the morning of August 15, 2018, Sgt. Robinson and Cpl. Johnson were dispatched to the Stoney Badger Tavern at approximatly 0138 hours due to a 911 call dialed by Plaintiff and a witness Cristopher Salzone. In regard to Plaintiff's brother Robert Shafer receiving an unnecessary beating

inflicted by the bouncer of the Stoney Badger Tavern.

10.    On the morning of August 15, 2018, Sgt. Robinson, and Cpl. Johnson arrived at the Stoney Badger Tavern and failed to perform their clearly estabished duties in written directive **PD17-0902 Criminal & Special Purpose Investigations** of the Lynchburg police department.

11.    On the morning of August 15, 2018, Cpl. Johnson entered the Stoney Badger Tavern and approach Plaintiff's brother Robert Shafer. Who was sitting on the floor covered in blood from head to toe. With clear injuries that needed to be attended to, due to the damage inficted upon Plaintiff's brother Robert Shafer by the bouncer of the Stoney Badger Tavern.

12.    Plaintiff was very upset, in fear for his brother Robert Shafer's condition and agitated from the events that took place. Plaintiff just wanted to talk with an officer, considering the fact that Plaintiff *called the police*. Cpl. Johnson informed Plaintiff to **take a seat and that he would talk to him**, Plaintiff said **that it was wrong and his brother did not deserve to be hit**.

13.    Cpl. Johnson asked Plaintiff's brother Robert Shafer about the circumstances of the incident Plaintiff's brother Robert Shafer tried to explain to Cpl. Johnson that **he did'nt know what happened, he was in a disagreement over a drink in question and that he was hit three times for no reason**. Cpl. Johnson ignored Robert Shafer's statements and never returned to Plaintiff to ask what happened.

14.    On the morning of August 15, 2018, Sgt. Roboinson entered the Stoney Badger Taven, Plaintiff approached Sgt. Robinson, Plaintiff informed Sgt. Robinson that he was part of the situation and asked Sgt. Robinson if he could talk to him.

15.    On the morning of August 15, 2018, Sgt. Robinson informed Plaintiff to "**wait a minute and let him find out what is going on**." Sgt. Robinson proceeded to speak with another officer but never considerd speaking to Plaintiff.

16.    On the morning of August 15, 2018, Plaintiff informed Sgt. Robinson that he called the police, Sgt. Robinson ignored him. Plaintiff just wanted to inform Sgt. Robinson of the circumstances of the incident.  Plaintiff said "**just look at my brothers face**".

1.    **Defendant Officer M.G Robinson Searched Plantiff's Person Without Probable Cause**

3

17.    On the morning of August 15, 2018, Sgt. Robinson did not want to listen to Plaintiff. Sgt Robinson placed Plaintiff in cuffs and escorted him to an LPD vehicle. During the walk to the LPD vehicle Plaintiff was in cuffs uninformed of detention or of an arrest, unreasonably searched, and placed in the back of an LPD vehicle. Plaintiff said "**dont put me in here, can I please talk to someone, my brothers face is bleeding**".

18.    On the morning of August 15, 2018, Sgt. Robinson cut Plaintiff off and said "**His face is bleeding probably because he is drunk and has a big mouth like you**". ???

19.    Plaintiff said "I dont have a big mouth just trying to explain there is no reason for what happened". Sgt. Robinson leaves and asks other officers to watch Plaintiff.

20.    On the morning of August 15, 2018, Sgt. Robinson and Cpl. Johnson did not conduct a field sobriety test or breathalyer test on Plaintiff. As cited above Sgt. Robinson, evident in body worn camera states to Plaintiff that his brother Robert Shafer's "**face is bleeding probably because he is drunk and has a big mouth like you**". Sgt. Robinson willingly acted in an unreasonable manner.

21.    On the morning of August 15, 2018, Plaintiff remained in the back of an LPD vehicle throughout the course of the investigation and was never reapproached to explain the circumstances.

22.    Sgt. Robinson never informed Plaintiff of detention or of an arrest, unreasonably searched Plaintiff, and placed him in the back of an LPD vehicle. Sgt Robinson reentered into the Stony Bagder Tavern and made a statement to another officer evident in Sgt. Robinson's body worn camera, **stating that he does not know whats going on**.

**2.    Plaintiff was Seized Without Probable Cause by Sgt. Robinson and Cpl. Johnson.**

23.    On the morning of August 15, 2018, Sgt. Robinson transported Plaintiff to the Lynchburg Adult Dentention Center 510 9th street, Lynchburg, VA. where Plaintiff was detained for approximately one hour during the intake process.

24.    On the morning of August 15, 2018 Cpl. Johnson spoke to the magistrate via video. Cpl.

Johnson states under oath when he arrived, he was met by the bouncer and he spoke with a waitress at the bar. There is no mention of Plaintiff's brother Robert Shafer's interaction or any bystander's interaction with Cpl. Johnson.

25.      Cpl. Johnson sought and obtained warrants on Plaintiff and his brother Robert Shafer for Defrauding an innkepper, Assault and Battery, Trespassing, and Public Intoxication.

26.      On the morning of Auguset 15, 2018, Sgt. Robinson and Cpl. Johnson willfully acted in an unreasonable manner charging Plaintiff falsely.

27.      On the morning of Auguset 15, 2018, Plaintiff was charge falsely and forced to sign pappers , be fingerprinted , and unwillingly made to take a photo. Photo was later placed on **arrest.com** to the public.

28.      Plaintiff brings forth the following counts and allegation supporting his cause of action:

## COUNT 1 - NEGLIGENCE

### ( Sgt. Robinson, Cpl. Johnson )

29.      Defendants failed to perform their duties. By violating the clearly established Written Directive for the Lynchburg Police Department. **PD17-0902 Criminal & Special Purpose Investigations** and due to the noncompliance failed to use ordinary care for the safety of others.

## COUNT 2 - Deprivation Of Rights Under Color Of Law

### ( Sgt. Robinson, Cpl. Johnson )

30.      Under the color of law Defendants willfully acted in an unreasonable manner breaching their duties, and willfully subjected Plantiff to the deprivation of his rights, and privileges secured and protected by the Constitution and laws of the United States.

## COUNT 3 - Section 1983 False Arrest in Violation of the Fourth and Fourteenth Amendments

## ( Sgt Robinson, Cpl. Johnson )

31.      The foregoing paragraphs are incorporated into this Count as if fully alleged herein.

32.      At all times relevant to this action, Plaintiff was afforded certain clearly established rights under the United States Constitution. Amoung those rights is the Fourth Amendment right to be free from a state actor visiting an unreasonble seizure upon his person - to include an arrest by a law enforcement officer that is not supported by probable cause to believe a crime has been committed or is about to be committed.

33.      Sgt. Robinson never informed Plaintiff of detention or of an arrest, unreasonably searched Plaintiff, and placed him in the back of an LPD vehicle. Sgt Robinson reentered into the Stony Bagder Tavern and made a statement to another officer evident in Sgt. Robinson's body worn.camera, **stating that he does not know whats going on.**

34.      Evident in body worn camera employee of the Tavern states "Plaintiff's brother Robert Shafer and Plaintiff "**owed 50 dollars each for unpayed tabs.**" **Employee has the two reciepts of the alleged tabs owed in her hand in the (BWC) video**. Sgt. Robinson and Cpl. Johnson **did not collect** the tabs for physical evidence.

35.      Evident in body worn camera Sgt. Robinson and Cpl. Johnson did not obtain and document in sufficient detail witnesses knowledge of and involvement in the incident being investigated. <u>No Bystanders were interviewed to support or contradict the allalleged crimes</u>, violating a clearly established Written Directive for the Lynchburg Police Department. **PD17-0902 Criminal & Special Purpose Investigations**.

36.      *"[The judicial officer] should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." Giordenello v. United States, 357 U.S. 480, 486 (1958).*

37.      *Probable cause does not require proof beyond a reasonable doubt; it requires only a reasonable belief, based on facts, that the accused probably committed the offense. All that is required is that the complainant present enough facts to the magistrate to enable the magistrate to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process. Jaben v. United States, 381 U.S. 214 (1965).*

## COUNT 4 - Section 1983 Unreasonable Search in Violation of the Fourth and Fourteenth Amendments

### ( Sgt. Robinson )

38.     The foregoing paragraphs are incorporated into this Count as if fully alleged herein.

39.     At all times alleged, Sgt. Robinson acted under color of state law.

40.     At all times alleged herein, Plaintiff, a citizen of the United States and the Commonwealth of Virginia, had a clearly established right under the Fourth and Fourteenth Amendments to be free from unreasonable searches of his person or property.

41.     A search is unreasonable if the state does not have probable cause to believe the evidence connected to criminal activity is present on the property to be searched.

42.     Plaintiff was Seized Without Probable Cause by Sgt. Robinson and Cpl. Johnson.

## COUNT 5 - Unreasonable Search in Violation of Virginia ann. § 19.2-59

### ( Sgt. Robinson )

43.     The foregoing paragraphs are incorporated into this Count as if fully alleged herein.

44.     Plaintiff has a right, under Virginia Code Ann. § 19.2-59, to seek compensatory and punitive damages against Sgt Robinson for subjecting Plaintiff to an unreasonable search.

45.     Virginia code Ann. § 19.2-59, provides civilians with rights co-extensive and consistent with the right under the Fourth and Fourteenth Amendments to be free from unreasonable governmental searches of person and property.

46.     Accordingly, for the reasons articulated in paragraphs 17-22 above, Sgt Robinson unreasonably searched Plaintiff and therefore liable for compensatory and punitive damages under

Virginia Code Ann. § 19.2-59

## DAMAGES

47.    *As a direct result of the Defendants's conduct, Plaintiff suffered physical and severe emotional*

injuries and damages including:

a.    Mental anguish, emotionl pain, torment and suffering caused by the Defendant's unlawful seizure of Plaintiff.

b.    Violation of Plaintiff''s constitutional rights;

c.    Shame, fright, embarrassment, humiliation, and loss of dignity and pride;

d.    Costs associated with plaintiff's bond, the fear of his possessions being lost, and the goodwill lost with those for whom the Plaintiff was working on that day; and

e.    Other associated costs caused by the Defendants' unlawful conduct as alleged in this complaint.

WHEREFORE, based upon the foregoing, Plaintiff demands judgment against Defendants City

of Lynchburg, Corporal Adam J. Johnson, and Sergeant M.G. Robinson in the amount of **ONE**

**HUNDRED THOUSAND** ( $100,000.00) for compensatory damages, together with cost incurred in

the pursuit of a just resolution of this matter, and attorney's fees and punitive damages pursuant to all

federal causes of action against Corporal Adam J. Johnson amd Sergeant M.G. Robinson in the amount

of **FIVE HUNDERED THOUSAND** ($500,000.00)