CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 19 2020

JU_____CLERK
BY:_____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

LYNCHBURG DIVISION

---

HENRY SHAFER

        Plaintiff,

v.                                          Case No. 6:20cv00044

COMMONWEALTH OF VIRGINIA,

OFFICER M.G. ROBINSON,

OFFICER ADAM J. JOHNSON.,

        Defendants.

---

### PLAINIFF'S RESPONSE TO DEFNDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE NORMAN K. MOON:

COMES NOW the Plaintiff, Henry Shafer, pro se, who hereby submits his Response to Defendants Motion to Dismiss and states the following:

### FACTUAL ALLEGATIONS

These facts show unconstitutional Forurth and Fourtheenth Amendment vaiolations pursuant to 42 U.S.C. § 1983 action I filed on July 7, 2020. As I wrote in my complaint, upon admission Officer Robinson and Sgt. Johnson upon arrival to the Stoney Badger Tavern (the Tavern) in Lynchburg, Virginia, failed to perform their clearly established duties in accordance with the Lynchburg Police Departments policy PD17-0902.

**"when officials or employees of an entity carry out official policy or when the entity delegates to officials the responsibility of creating official policy, then entity liability will lie in a § 1983 action." Skelton v. PriCor, Inc., 963 F.2d 100 (6th Cir. 1991).**

Evident in Defendant's Body worn camera systems I told Sgt. Johnson "that it was wrong and my brother ("Robert") did not deserve to be hit." Sgt. Johnson informed me to "take a seat and that he would speak with me," but he never returned to me to ask what happened. Robert tried to explain to Sgt.

Johnson that "he didn't know what happened, he was in a disagreement over a drink in question and that he was hit three times for no reason." Officer Robinson entered (the tavern) I approached him and informed him that I was part of the situation and asked if he could talk to me. Officer Robinson informed me to "wait a minute and let him find out what is going on." He spoke with another officer, but he never considered speaking to me. I informed him that I called the Police still he ignored me. I just wanted to inform him of the circumstances. I said, "just look at my brothers face." Officer Robinson did not want to listen to me, he placed me in cuffs, uninformed of detention or of an arrest. Then he escorted me to an (LPD) vehicle. During the walk to the vehicle I was unreasonably searched. Before placing me in the vehicle I said "do not put me in here, can I please talk to someone, my brothers face is bleeding" Officer Robinson cut me off and said, "His face is bleeding probably because he is drunk and has a big mouth like you." Evident in Defendants body worn camera, no tests were conducted upon me to support that allegation.

***"Intent is the purpose formed in a person's mind at the time an act is committed. Intent may, and often must, be inferred from the facts and circumstances of the case, including the actions and statements of the accused." Johnson v. Commonwealth, 53 Va. App. 79, 100 (2008).***

Officer Robinson placed me in the (LPD) vehicle, and never returned to me to explain the circumstances. After placing me in the (LPD) vehicle evident in Officer Robinsons body worn camera he reentered (the tavern) and stated to another officer "that he does not know what's going on." An employee ("Sheri Taylor") approached the Defendants and stated my brother and I owed 50 dollars each for unpaid tabs. Defendants did not examine or collect the alleged tabs Sheri Taylor had holding in her hand. Also evident in Defendants body worn cameras they did not obtain and document in sufficient detail the bystanders ("witnesses") knowledge of and involvement in the incident being investigated to support or contradict the alleged crimes.

***"Probable cause" is best defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a prudent and cautious man to believe that the accused is guilty of the offense with which he is charged." Sanders v. Palmer, 55 F. 217 (2nd Cir. 1893).***

2

Evident in Sgt. Johnsons body worn camera under oath he states that when he arrived, he was met by the bouncer ("Charles Pietsch") and spoke with a waitress at the bar ("Michelle Powell") sister of Sheri Taylor. There is no mention of my brother's interaction with Sgt. Johnson. He only mentions his interactions with the bouncer and waitress.

*"[The judicial officer] should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." Giordenello v. United States, 357 U.S. 480, 486 (1958).*

## ARGUMENT

### I. Standard of Review.

"a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U. S. 41, 47. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U. S., at 45–46.355 U. S., at 45–46. "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## CONCLUSION

For the foregoing reasons, Plaintiff, Henry Shafer, Pro se respectfully ask the Court to deny the Defendants motion to dismiss, and to offer the Plaintiff the opportunity to support the claims with evidence.

HENRY SHAFER, PRO SE.

**CERTIFICATE OF SERVICE**

 I do hereby certify that on the 19th day of August, 2020, I have personally delivered the foregoing to the Court by hand, and further certify that I have mailed by United States Postal Service the document to the following:

Guynn Waddell Carroll & Lockaby
415 College Ave,
Salem, VA 24153
Attorney for Defendants.

                   Henry Shafer, Pro se,
                   6950 Village Hwy
                   Lynchburg. Virginia 24504
                   Phone: 434-907-4434
                   Email: musicislife9156@gmail.com