CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/15/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| HENRY SHAFER,<br>　　　　　　　　*Plaintiff*,<br><br>　　　　v.<br><br>COMMONWEALTH OF VIRGINIA, *et al.*,<br>　　　　　　　　*Defendants*. | CASE NO. 6:20-cv-00044<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

　　　This Court previously issued a memorandum opinion and order dismissing this action. Dkts. 33; 34. Plaintiff Henry Shafer, *pro se*, moves to alter judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 36. Defendant Police Officers Robinson and Johnson oppose Shafer's motion. Dkt. 37. The Court concludes that Shafer has not established that he is entitled to such relief and will deny his motion.

　　　"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). A court may alter or amend the judgment under Rule 59(e) if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and

Procedure § 2810.1, pp. 127–128 (2d ed. 1995) (footnotes omitted).

Shafer asks the Court to grant his motion "to prevent manifest injustice." Dkt. 36 at 5. Shafer asserts that Officers Robinson and Johnson "should not be entitled to any immunities." *Id.* at 3. However, his arguments in the motion address only the Court's finding that the officers were entitled to qualified immunity on the § 1983 claim for unreasonable seizure.

An officer is entitled to qualified immunity, then, if a reasonable officer in his position—and given the facts known to him at the time of arrest—would have reasonably (even if mistakenly) believed that the arrestee had committed a criminal offense. *Wilson v. Kittoe*, 337 F.3d 392, 403 (4th Cir. 2003). In its prior memorandum opinion, the Court determined that a reasonable officer in the position of Officers Robinson and Johnson would have reasonably believed that Shafer had committed misdemeanor assault and battery given the facts that the officers knew at the time of arrest. Dkt. 33 at 10–11. Shafer challenges this conclusion, but he does not identify any error of law in the Court's ruling. Instead, applying the same legal standard the Court did, Shafer urges the Court to come to a different conclusion.

Shafer asserts that Officers Robinson and Johnson lacked probable cause to arrest him because they "had a duty to interview Mr. Shafer as a witness and collect witness statements from bystanders" but did not do so. Dkt. 36 at 2. But the Court previously considered and rejected Shafer's argument. From their investigation on the scene, and particularly from interviewing waitress Michelle Powell, who said that Shafer had grabbed her left arm and then struck her in the throat, *see* Dkt. 10-1, Officers Robinson and Johnson learned sufficient facts to establish probable cause that Shafer had committed misdemeanor assault and battery. *See* Dkt. 33 at 10–11. Contrary to Shafer's assertion, the officers were not required to "resolve every doubt about [Shafer's] guilt"

2

before determining they had probable cause to arrest him. *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991).

Ultimately, nothing Shafer raises in his motion undermines the Court's conclusion that Officers Robinson and Johnson are entitled to qualified immunity on his § 1983 claim for unreasonable seizure—or, indeed, any of the Court's other conclusions. The Court has construed Shafer's *pro se* filings liberally, and it has scrutinized Shafer's arguments and assertions with care. However, Shafer has not put forward any basis for this Court to reconsider its earlier memorandum opinion dismissing his complaint, nor has he satisfied the standards in Rule 59.[1] The Court will deny Shafer's motion.

An appropriate Order will issue.

The Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to all counsel of record and to *pro se* plaintiff.

ENTERED this  15th   day of July, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Shafer also asserts that the document filed at Dkt. 29-1, which contains copies of his correspondence with and complaints to the Lynchburg Police Department regarding the August 15, 2018 events, includes "claims" and "issues" that the Court did not address in its prior memorandum opinion. Dkt. 36 at 5. But that document, even liberally construed, merely rehashes many of the same facts that Shafer raised in his complaint and other briefs. *See* Dkt. 29-1. Accordingly, the Court finds that Shafer has not met his burden to show a clear error of law or any other reason to upend the Court's prior rulings based on the contents of the document filed at Dkt. 29-1.